WILBUR-ELLIS CO. ET AL. v. UNITED STATES

**No. 5211.**—Invoices dated Köln-Mulheim, Germany, November 4, 1935, etc.
Certified November 14, 1935, etc.
Entered at San Francisco, Calif., December 12, 1935, etc.
Entry Nos. 6488, etc.

(Decided April 11, 1941)

*Lawrence & Tuttle (George R. Tuttle* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard F. Weeks,* special attorney), for the defendant.

EVANS, Judge: These are appeals to reappraisement from a finding of the appraiser under the Antidumping Act of 1921 on importations of wire netting from Germany. The values found by the appraiser in each case are as follows:

| Appeal No. | Number of rolls | Size | Purchase price per roll | Foreign market value per roll |
|---|---|---|---|---|
| 118430–A | 300 | 36″ x 1″ x 20 | $1. 896 | $2. 32 |
| 118431–A | 400 | 36″ x 1″ x 20 | 1. 907 | 2. 32 |
| 120437–A | 250 | 36″ x 1″ x 20 | 2. 088 | 2. 32 |

The merchandise was imported during the latter part of 1935 and the first part of 1936, the last importation having been made in May, 1936. The plaintiffs introduced in evidence two reports made by Treasury agents on wire netting manufactured in Germany. These reports cover the period from 1931 to June, 1934. The Secretary of the Treasury on January 14, 1934, made a finding of dumping on woven wire fencing and netting from Germany. There was also introduced in evidence by the plaintiffs the testimony of one witness who testified that during the period from 1930 to 1937 plaintiffs had imported from Germany wire netting 36″ x 1″ x 18 and also 36″ by 1″ by 20; that the use of such netting is for building purposes, the 18 gauge being used for plastering on the outside of buildings, and the 20 gauge for stucco on the inside. Plaintiffs attempted to prove by this witness other facts but were unsuccessful either because his knowledge was derived from hearsay or because he had no knowledge of the facts desired to be proven.

We have examined the reports in evidence, introduced by the plaintiffs and find that they are insufficient to overcome the presumption

of correctness attaching to the appraiser's finding. Exhibit 1 covers the period from 1932 to June, 1934, and exhibit 2 is dated December, 1931. The instant importations, as stated above, were exported from Germany during the latter part of 1935 and the first part of 1936. Exhibit 1, among other things, states that hexagonal wire netting is not sold or offered for sale in the German market by a certain firm in Duesseldorf, Germany, but by an association also of Duesseldorf, and that certain officials with whom the special agent discussed the subject of that place "were adamant in their contention that the wire netting ordinarily sold in Germany is not similar to the grades or sizes exported to Sears, Roebuck & Co." The instant merchandise according to the invoices, was manufactured by two different firms in Köln-Mulheim and in Hamburg, Germany, and we fail to find any mention of the firm of Sears, Roebuck & Co. on any of the invoices or in the evidence.

Under section 209 of the Antidumping Act of 1921 it is provided that in the case of merchandise as to which the Secretary has made public a finding of dumping, the appraiser shall, "by all reasonable ways and means * * * ascertain, estimate, and appraise" the merchandise. I find in the instant case that the plaintiffs have failed to produce proof sufficient to overcome the presumption attaching to the appraiser's finding, and therefore find it unnecessary to discuss the reports of the special agents in detail.

Upon the record I hold that the purchase prices and the foreign-market values as found by the appraiser are correct.

Judgment will be rendered accordingly. It is so ordered.